IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

F. MIKE LYBRAND                                                                              PLAINTIFF

VS.                                    NO.  5:10CV00045

UNION PACIFIC RAILROAD COMPANY                                             DEFENDANT

## ORDER

Pending is Plaintiff's motion to strike Defendant's expert, Eric Gehringer from testifying at trial.  (Docket # 43).  Defendant has filed a response and Plaintiff has filed a reply.

Plaintiff challenges the testimony of Eric Gehringer arguing that his testimony fails to meet the requirements of the Federal Rules of Civil Procedure and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).   Specifically, Plaintiff argues:  (1) Gehringer's opinion regarding the size of the ballast is not based on sufficient facts or data; and, (2) his supplemental report concerning ballast slope does not meet the requirements of Rule 26.

The Court finds Mr. Gehringer qualified to render expert testimony on issues related to the size and slope of the ballast.   Defendant disclosed Gehringer as an expert witness on the issue of ballast.  In preparation for rendering his original expert opinion, Gehringer contacted a company in Bryant, Arkansas, Terracon Consultants, Inc.  ("Terracon") to obtain and measure ballast samples from the accident site in Eagle Mills, Arkansas.  Plaintiff challenges Gehringer's use of Terracon's data and report to support his opinion.  The Court finds the data and report of Terracon the type of material reasonably relied upon by experts such as Gehringer.   Plaintiff's challenge to the basis of Gehringer's opinion can be adequately addressed during cross examination.  Further, Terracon employees, Bradley Clark and Stephen Billingsly will be allowed to testify to the facts surrounding the analysis performed by Terracon and will be subject

to cross examination by Plaintiff. Since Clark and Billingsly were not identified and disclosed as experts, their testimony will be limited to matters outside the scientific, technical or other specialized knowledge required of expert witnesses. The Court will determine the admissibility of the Terracon report at the time of trial.[1]

The Court finds that Gehringer's supplemental opinion regarding the slope of the ballast was timely disclosed pursuant the Court's Order dated September 26, 2011, setting expert witness disclosure deadlines. Additionally, the summary report disclosed was sufficient pursuant to Fed. R. Civ. P. 26(A)(2)(C)(ii).

Accordingly, Defendant's motion to strike is DENIED.

IT IS SO ORDERED this 23rd day of April, 2012.

*James M. Moody*
James M. Moody
United States District Judge

---

[1] Plaintiff's motion for leave to file, docket # 68. is moot in light of this ruling.