**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**F. MIKE LYBRAND**                                                        **PLAINTIFF**

**VS.**                                    **NO.  5:10CV00045**

**UNION PACIFIC RAILROAD COMPANY**                           **DEFENDANT**

<u>ORDER</u>

Pending is Defendant's motion for summary judgment, docket # 40.  For the reasons set forth herein, Defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

<u>Facts</u>

Plaintiff, Freddie Michael Lybrand filed a complaint against Union Pacific under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA").   Plaintiff alleges that on July 14, 2008, while he was employed as a conductor for Union Pacific, he suffered injuries while walking on loose ballast at or near Eagle Mills, Arkansas.  Plaintiff contends that the Defendant failed to provide him with a reasonably safe place to work or reasonably safe conditions for work; failed to provide him with reasonably safe and suitable equipment; failed to provide a reasonably safe walking area; failed to inspect and maintain the ballast; and failed to use appropriately sized and secure ballast/chat in areas where it required its employees to walk. In his deposition, Plaintiff testified that he fell probably "a foot or so" from the end of the ties. He testified that the ballast was big and it rolled.  On or about February 25, 2011, Plaintiff provided supplemental discovery responses indicating that the work area identified in his deposition was unsafe in that the ballast contained inadequate sub-surface, was too large, and was too loose for an area with that amount of slope.

Ballast consists of crushed rock and lies between the rails and to the sides of the tracks. It is regulated by the Federal Railroad Administration ("FRA") under the Federal Rail Safety Act, 49 U.S.C. § 20106, ("FRSA").   The ballast regulation is found at 49 C.F.R. § 213.103.

Defendant has presented an affidavit from Marc R. Hook, Manager of Track Maintenance for Union Pacific Railroad Company in Camden Arkansas, in which he states that the ballast in the area where Plaintiff fell is part of the track structure and provides stability to the adjacent track.  Mr. Hook avers that this ballast:  "transmits and distributes the load of the track and railroad rolling equipment to the subgrade; restrains the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails; provides adequate drainage for the track; and maintains proper track crosslevel, surface, and alignment."

The ballast on the side of the track slopes downward.  Defendant has presented the expert opinion of Eric J. Gehringer that the Union Pacific standard for the slope of ballast is 3:1.  This slope allows the ballast to restrain the rails and provide proper drainage while allowing employees to safely walk on the ballast.  Although, the standard used is 3:1, the slope at issue in this case was less steep.  Mr. Gehringer opined that the slope was " maintaining the proper amount of ballast to restrain the track from moving laterally or longitudinally, and it was allowing for proper drainage."  Further, Mr. Gehringer found that in this case "[t]he ballast did not exceed Union Pacific's size and slope standards, and it performed the functions required of it by 49 C.F.R. § 213.103."

Defendant seeks summary judgment arguing that the FRA's regulation on ballast subsumes the field and Plaintiff's FELA claim is precluded.   Defendant also asserts that

Plaintiff's claims are precluded by the Interstate Commerce Commission Termination Act

("ICCTA") and that Plaintiff cannot otherwise prove that his work place was not reasonably

safe.  Plaintiff denies that summary judgment is proper.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining
> whether there is a need for trial -- whether, in other words, there
> are any genuine factual issues that properly can be resolved only
> by a finder of fact because they may reasonably be resolved in
> favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*, '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is
> discharged, and, if the record in fact bears out the claim that no
> genuine dispute exists on any material fact, it is then the
> respondent's burden to set forth affirmative evidence, specific

3

facts, showing that there is a genuine dispute on that issue.  If the
respondent fails to carry that burden, summary judgment should be
granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

## Discussion

The two statutes at issue were designed to promote railway safety. The Federal Employee

Liability Act ("FELA")  makes a railroad liable to its employees injured "by reason of any defect

or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed,

works, boats, wharves, or other equipment." 45 U.S.C. § 51.  *See, Nickels v. Grand Trunk*

*Western R.R., Inc*. 560 F.3d 426 (6th Cir. 2009).   The purpose of the Federal Railroad Safety Act

("FRSA") is "to promote safety in every area of railroad operations and reduce railroad-related

accidents and incidents."  49 U.S.C. § 20101.  The FRSA grants the authority to the Secretary of

Transportation to  "prescribe regulations and issue orders for every area of railroad safety." 49

U.S.C. § 20103(a).   The FRSA seeks national uniformity stating:  "[l]aws, regulations, and

orders related to railroad safety ... shall be nationally uniform to the extent practicable." 49

U.S.C. § 20106(a)(1). "A State may adopt or continue in force a law, regulation, or order related

to railroad safety ... until the Secretary of Transportation ... prescribes a regulation or issues an

order covering the subject matter of the State requirement." 49 U.S.C. § 20106(a)(2).   Although

this preemption provision expressly addresses state laws, regulations and orders, several courts

have held that the "uniformity demanded by the FRSA can be achieved only if federal rail safety

regulations are applied similarly to a FELA plaintiff's negligence claim and a

non-railroad-employee plaintiff's state law negligence claim."  *Nickels*, 560 F. 3d 430, quoting,

*Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 443 (5th Cir.2001); *and Waymire v. Norfolk & W. Ry.

Co.*, 218 F.3d 773, 776 (7th Cir.2000).   This Court has followed this analysis.  *See,  Dickerson

v. Staten Trucking, Inc.*, 428 F.Supp.2d 909, 913-14 (E.D.Ark.2006)(Plaintiff's crashworthiness

claims under FELA precluded by FRSA) and *Davis v. Union Pacific Railroad Company*, 598 F.

Supp.2d 955)(E.D.Ark. 2009)(applying the preclusion analysis but finding that the plaintiff's

FELA claims relating to a fall on a walkway was not precluded by FRSA).

   The applicable ballast regulations provide:

   Unless it is otherwise structurally supported, all track shall be supported by
   material which will --

   (a) Transmit and distribute the load of the track and railroad rolling equipment to
   the subgrade;

   (b) Restrain the track laterally, longitudinally, and vertically under dynamic loads
   imposed by railroad rolling equipment and thermal stress exerted by the rails;

   (c) Provide adequate drainage for the track; and

   (d) Maintain proper track crosslevel, surface, and alinement.

49 C.F.R. § 213.103.   Based on the facts and evidence submitted, the Court finds that Plaintiff's

claims regarding the size and slope of the ballast are precluded by FRSA.  The evidence shows

that the Plaintiff fell in an area immediately adjoining the track.  The FRA has substantially

subsumed the field of ballast regulation in this area.  Further, the undisputed evidence

demonstrates that size and slope of the ballast in the area in which Plaintiff fell "performed the

functions required of it by 49 C.F.R. § 213.103."

However, because the ballast regulations do not address walkways, separate and apart from the track and its supporting structure, the Court finds that the Plaintiff's claims regarding the Defendant's alleged failure to provide a safe walkway and to maintain that walkway are not precluded by FRSA.  The Court does not find Defendant's argument that Plaintiff's remaining claims are precluded by ICCTA persuasive.  Further, the Court finds genuine issues of material fact preclude the entry of summary judgment on these claims.

Wherefore, Defendant's motion for summary judgment is granted as to Plaintiff's claims based on the size and slope of the ballast.  The motion is denied as to Plaintiff's claims relating to the failure to provide and maintain a reasonably safe walkway.

IT IS SO ORDERED this 25th day of April, 2012.


_____
James M. Moody
United States District Judge