IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

F. MIKE LYBRAND                                                              PLAINTIFF

VS.                              NO.  5:10CV00045 JMM

UNION PACIFIC RAILROAD COMPANY                         DEFENDANT


**ORDER**

Pending are Defendant's motion in limine, docket #64 and Plaintiff's motion in limine, docket # 66.  Following a review of the pleadings, the Court finds and orders as follows:

A..   Defendant's motion in limine is GRANTED IN PART, DENIED IN PART AND HELD IN ABEYANCE IN PART.

(1) The Court will defer ruling on Defendant's motion seeking to preclude a jury instruction stating that this lawsuit is "Plaintiff's exclusive remedy" or that Plaintiff "is not eligible to receive worker's compensation benefits" until the jury instruction conference.  The motion is granted prohibiting any mention that this lawsuit is "Plaintiff's exclusive remedy" or that Plaintiff "is not eligible to receive worker's compensation benefits" during the trial until ruled on in the jury instruction conference.

(2) Defendant's motion seeking to preclude evidence or testimony that the jurors act as safety advocates in this lawsuit or that they send a message with their verdict is granted as moot.

(3) Defendant's motion seeking to exclude any reference or argument concerning punitive or exemplary damages is granted as moot.

(4) Defendant's motion seeking to exclude any reference to or argument

concerning "profits over people" is granted subject to reconsideration based on the evidence presented at trial.

(5) Defendant's motion seeking to exclude any reference to or argument concerning the size or wealth of the Defendant or that it is an out-of-state corporation is granted subject to reconsideration based on the evidence presented at trial. Neither party should refer to the Defendant as "the men and women of Union Pacific."

(6) Defendant's motion seeking to exclude any reference to or argument that the railroad industry in general is unsafe or dangerous is granted.

(7) Defendant's motion seeking to exclude any reference to settlement negotiations, settled claims or buyouts is granted as moot.

(8) Defendant's motion seeking to exclude any reference to the loss of society or companionship sustained by Plaintiff's friends or relatives is granted.

(9) Defendant's motion seeking to exclude any reference to the congressional intent in enacting the Federal Employers' Liability Act is granted as moot.

(10) Defendant's motion seeking to exclude any reference to or statement to the jury regarding the amount they would award if they were in Plaintiff's shoes is granted as moot.

(11) Defendant's motion seeking to exclude any reference to or argument concerning income taxes is granted as moot. The Court will defer ruling on Defendant's motion seeking to preclude evidence relating to gross wages until trial.

(12) The Court will defer ruling on Defendant's motion seeking to exclude any

reference to its discovery responses until trial.

(13) The Court will defer ruling on Defendant's motion seeking to exclude any evidence regarding intimidation or threats until trial.

(14) Defendant's motion seeking to exclude evidence and argument relating to the size and slope of the ballast is granted.

(15) Defendant's motion seeking to exclude evidence of past medical bills paid by Union Pacific is granted; Defendants motion seeking to exclude evidence of future medical bills is denied.

(16) The Court will defer ruling on Defendant's motion seeking to exclude any reference to alleged claims or injuries of anyone other than Plaintiff until trial.

(17) Defendant's motion seeking to exclude evidence or argument relating to the size of defense counsel's law firm is granted as moot.

(18) Defendant's motion seeking to preclude testimony that Plaintiff's 1973 knee injury occurred at work is denied.

(19) Defendant's motion seeking to preclude statements from Plaintiff's Counsel that contain personal opinions and argumentative language is premature. The Court will address these objections, if necessary, at trial.

(20) The Court will address any of Defendant's objections to Plaintiff's pretrial disclosures or exhibits at the pretrial conference or during trial.

(21) Defendant's motion seeking to preclude any reference to discovery disputes or the Court's rulings is granted as moot.

B. Plaintiff's motion in limine is GRANTED IN PART, DENIED IN PART AND HELD IN ABEYANCE IN PART.

(1) Plaintiff's motion in limine seeking to exclude evidence of when and why Plaintiff hired and consulted with an attorney is granted as moot.

(2) Plaintiff's motion in limine to preclude evidence relating to Railroad Retirement Benefits is granted. The Court will make the determination of any appropriate set-off at trial.

(3) Plaintiff's motion in limine to preclude evidence relating to Railroad Retirement Taxes is granted. The Court will make the determination of any appropriate set-off at trial.

(4) Plaintiff's motion in limine seeking to exclude evidence relating to Plaintiff's Personnel and Medical files is denied.

(5) The Court will defer ruling on Plaintiff's motion in limine seeking to exclude evidence relating to the financial or pecuniary circumstances of the Plaintiff until trial.

(6) Plaintiff's motion in limine seeking to exclude any medical study or literature not disclosed in Rule 26(a)(2) reports of Defendant's expert is denied. Defendant is entitled to challenge the testimony of Plaintiff's experts with the use of such articles.

(7) Plaintiff's motion in limine seeking to exclude evidence or testimony regarding Plaintiff's failure to consider alternative positions with defendant is denied.

(8) The Court will defer ruling on Plaintiff's motion in limine seeking to

exclude evidence or testimony regarding the retirement age of other workers until trial.

(9)  Plaintiff's motion in limine seeking to exclude letters and other evidence regarding Defendant's Vocational Rehabilitation Program is denied.

(10) Plaintiff's motion in limine seeking to exclude suggestions of secondary gain is denied.

(11) Plaintiff's motion in limine seeking to exclude any reference to the "men and women of Union Pacific" is granted.

(12) Plaintiff's motion seeking to exclude any reference to how other patients recovered from similar injuries or surgeries is granted as to specific cases. The parties are directed to notify the Court if they intend to make reference to generic recovery rates.

(13) Plaintiff's motion seeking to exclude testimony or evidence relating to Defendant's safety awards is granted as moot.

(14)  Plaintiff's motion seeking to exclude testimony or evidence relating to training provided to "all employees" is granted as moot.

(15) Plaintiff's motion seeking to exclude proof of Plaintiff's "assumption of the risk" is denied to the extent that Defendant will be allowed to introduce evidence to attempt to prove Plaintiff's contributory negligence.

(16) Plaintiff's motion seeking to exclude evidence relating to past civil and or criminal charges is granted as moot.

(17) The Court will defer ruling on Plaintiff's motion seeking to exclude evidence relating to Plaintiff's prior claims made against Union Pacific

until trial.

(18) The Court will defer ruling on Plaintiff's motion in limine seeking to exclude evidence or testimony regarding the availability of retirement benefits at the age of 60 until trial.

(19) Plaintiff's motion seeking to exclude the amount of damages Plaintiff requested in his Complaint is granted as moot.

(20) Plaintiff's motion seeking to exclude the Plaintiff's discipline history is granted as moot.

(21) Plaintiff's motion seeking to exclude evidence or testimony that Plaintiff was untruthful is granted.

IT IS SO ORDERED this 27th day of April, 2012.

*James M. Moody* (signature)
James M. Moody
United States District Judge